Shauck, J.
The sole reliance of counsel for the plaintiff in error is upon Section 5971, Revised Statutes, and the interpretation which this court has placed, upon its provisions. The pertinent provisions *332 of the section are as follows: “Where a devise of real or personal estate is made to any child or other relative of the testator, if such child or other relative shall have been dead at the time of making the will, or shall die thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised in the same manner as the devisee would have taken, if he had survived the testator.”
Although the section in its present form was enacted March 20, 1866, it appears to have been under consideration by this court only in the case of Woolley et al. v. Paxson et al., 46 Ohio St., 307. Rejecting the view that the statute was intended to apply to such devisees only as were named in the will, it was there held that it applies to a devise to children as a class. The opinion of the circuit court in the present case is before us, and it shows that a different conclusion was thought to be required, or permitted, by the fact that in the case cited the member of the class designated as devisees died after the making of the will, though before the testator, while in the present case she had died before the execution of the will. But that circumstance can have no legal significance in view of the plain terms of the statute. The provisions that if the devisee “shall have been dead at the time of the making of the will, or shall die thereafter leaving issue surviving the testator, in either ease such issue shall take the estate devised,” renders it quite impossible to reconcile the judgment of the circuit court in the present case with that of this court in the case cited. Indeed, to give place to both decisions in the jurisprudence of the state would deny all effect to the amendment of 1866, for prior thereto the section conferred the right in question upon the *333 issue of a devisee who should die after the making of the will.
It is suggested that the interpretation placed upon ■ the section by this court in the case cited is subversive ■of testamentary intention, and that the case should, therefore, be reconsidered and overruled. Certainly attention to the sufficiency of the reasons for the conclusion reached in that case would be in vain if controlling considerations would require us to adhere to the view there taken, although we might conclude that the case was erroneously decided. A majority of the members of the court are of the opinion that considerations of that character are present. The case was decided nearly thirteen years ago, but the interpretation which it placed upon the section has not evoked its amendment. It was decided and published nearly three years' before the making of the will which is now before us. Counsel for the defendant in error does not unduly exalt the duty of the court to give effect to the testator’s intention. But, are we likely to ascertain that intention by assuming that he and the lawyer who drafted his will were ignorant of the decision referred to, or that they offered defiance to a decision of the court of last resort with respect to the effect of this disposition of his property? It is acording to common knowledge that in the execution of wills and contracts, and in the transaction of their daily affairs, parties and their advisers act with reference to judicial decisions respecting the effect of dispositions, stipulations and conduct. It is a conclusive presumption that every instrument is executed with regard to every valid statute by which it may be affected, and, ordinarily, intentions are more likely to be ascertained and rights to be enforced if a like *334 presumption is indulged with respect to judicial decisions by which statutes have been interpreted.
New maxims of the law require more careful dis-' crimination in their application than that which enjoins adherence to the doctrine of decided cases. It may be wholly unimportant when, former cases have not influenced the conduct of parties, but it would be difficult to overestimate its importance when, as here, according to every safe presumption, a disposition has been made in reliance upon the doctrine of a former case. Our duty in the present case seems to be plainly suggested by the familiar admonition that the doctrine of a former case should be adhered to if it has become a rule of property for the case under consideration. Assuming that the case cited was wrongly decided, its michief was that by a mistaken‘interpretation of a statute affecting a testamentary disposition, it defeated the testator’s intention; but, if proceeding upon that assumption, we should adopt the contrary interpretation in the present case it is reasonably certain that we should repeat the mischief.
Judgment of the circuit court■ reversed and that of the common pleas affirmed.
Burket, C. J., Spear, Price and Crew, JJ., concur.
Davis, J., dissents.